**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR225** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **TARA KELLY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 52) filed by the Defendant, Tara Kelly. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Kelly pleaded guilty to Count I of the Indictment charging her with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The cooperation plea agreement included an agreement as to drug quantity and the application of base offense level 32, an appeal waiver, and a waiver of the right to file a motion under 28 U.S.C. § 2255 except under limited circumstances that include the right to argue ineffective assistance of counsel. (Filing No. 19.)

Kelly's plea petition states: she was satisfied with and had no objections to her attorney's representation (¶ 5(d) & (e)); the sentence would be within the judge's discretion (¶ 12(b));  she faced a 10-year mandatory minimum sentence (¶ 13(b); there was no guarantee that her sentence would be within any specific guideline range (¶ 19); and she understood that the U.S. Attorney had sole authority to decide whether to file a motion for downward departure based on substantial assistance (¶ 33).  (Filing No. 18.)

While under oath, Kelly testified to the following at her change of plea hearing: her satisfaction with the representation of her attorney (Filing No. 25, at 8); the sentence imposed might be different from the sentence that she thought would be imposed (*id.*, at 10); she cannot appeal her sentence (*id.*, at 10); her answers in the plea petition were truthful (*id.*, at 14); she understood that 10 years was the mandatory minimum sentence (*id.*, at 15-16); she had no questions regarding the plea agreement or petition (*id.*, at 17-18); the plea agreement included all promises made regarding her plea (*id.*, at 19); whether she would receive a lower sentence for any cooperation was first up to the prosecutor and then the judge (*id.*, at 19-20); and she understood her appeal waiver (*id.*, at 20).

The defense filed no objections to the PSR.  (Filing No. 28.)  Kelly's guideline range was 120 months, and she was sentenced accordingly.  (Filing Nos. 41, 42.)  At sentencing the Court noted Kelly's waiver of her right to appeal.  (Filing No. 48, at 7.)

### DISCUSSION

Kelly argues that her attorney was ineffective in the following ways: not responding to her between August and November 2007 (Claim One); not objecting to errors in the Presentence Investigation Report ("PSR") (Claim Two); failing to file a notice of appeal (Claim Three); failing to argue that the government breached the plea agreement by not

moving for a downward departure (Claim Four); failing to request a downward departure based on diminished capacity (Claim Five); and failing to argue for the safety valve (Claim Six).

In order to establish ineffective assistance of counsel, Kelly must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. Kelly's claims of ineffective assistance of counsel are discussed below.

### *Responding to Defendant*

Kelly argues that she wanted her attorney to schedule a proffer with the government and that her attorney was not responding to her attempts to contact him between August and November 2007. However, as Kelly acknowledges later in her petition, a proffer was scheduled. Therefore, Kelly cannot prove either prong of the *Strickland* test and the claim is summarily denied.

### *Objections to PSR*

Kelly argues that her attorney was ineffective for not objecting to errors in the PSR. The only specific alleged errors are that her two prior offenses are reflected in the PSR as felonies while they are in fact misdemeanors. Kelly attached documents indicating that the offense listed in ¶ 44 is a class III misdemeanor. Kelly argues that if the alleged errors were corrected she would have been in criminal history category I rather than category II.

An offense's classification as a felony or a misdemeanor is irrelevant for the purpose of calculating Kelly's criminal history score and category. In Kelly's case, the number of points assessed to an offense is based on the sentence imposed. The documents attached to Kelly's petition reflect the same sentence shown in ¶ 44 of the PSR. Therefore, Kelly cannot prove either prong of the *Strickland* test and the claim is summarily denied.

### *Filing a notice of Appeal*

Kelly argues that her attorney was ineffective for failing to file a notice of appeal. However, Kelly waived her right to appeal and was sentenced to the mandatory minimum sentence. Kelly cannot prove the prejudice prong of the *Strickland* test, and this claim is summarily denied.

### *Government's Breach of Plea Agreement*

Kelly argues that her attorney was ineffective for failing to argue that the government breached the plea agreement by not filing a motion for downward departure. As Kelly stated under oath in her plea petition and at her change of plea hearing, she understood that the decision of whether to request a downward departure based on substantial assistance rested solely with the government. Kelly cannot prove either prong of the *Strickland* test, and her claim is summarily denied.

### *Downward Departure; Diminished Capacity*

Kelly argues that her attorney was ineffective for failing to move for a downward departure based on diminished capacity. Kelly could not have received such a departure since she was sentenced to the statutory minimum sentence. She cannot prove either prong of the *Strickland* test, and this claim is summarily denied.

*Safety Valve*

Kelly argues that her attorney was ineffective for failing to argue the application of the safety valve.  However, the safety valve requires that a defendant be within criminal history category I.  Kelly was in criminal history category II.  Kelly cannot prove either prong of the *Strickland* test, and this claim is summarily denied.

## CONCLUSION

Because it plainly appears from the record that Kelly cannot satisfy the prejudice prong of the *Strickland* test with respect to any of her claims, her § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 52);

2. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 52) is summarily denied; and

3. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at her last known address.

DATED this 30th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge