# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR44 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TYLAN LUCAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Tylan Lucas: the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 227); the motion to amend his § 2255 motion (Filing No. 232); and the motion for leave to proceed in forma pauperis (Filing No. 228). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On January 10, 2005, Lucas was convicted after a jury trial of the following offenses charged in the Second Superseding Indictment: possession with intent to distribute a mixture or substance containing at least 5 grams of cocaine base (Count I); possessing a firearm in furtherance of a drug trafficking crime, i.e., the crime charged in Count I or Count V (Count II); being a felon in possession of a firearm (Count III); criminal forfeiture (Count

IV); conspiring to distribute or possess with intent to distribute at least 50 but less than 150 grams of a mixture or substance containing cocaine base (Count V); and obstructing, influencing, or impeding an official proceeding, or attempting to do so (Count VI).  Lucas was found not guilty of the following counts: possession of a firearm in furtherance of the crime charged in Count V (Count VII); and being a felon in possession of a firearm (Count VIII).  The government filed an Information to establish a prior conviction.  (Filing No. 48.)

Lucas was sentenced to the following terms of imprisonment: 235 months on Count I, and 120 months on Count II, 240 months on Count V, and 235 months on Count VI to be served concurrent to the term imposed on Count I; and 60 months on Count II to be served consecutive to the term imposed on Count I.

A panel of the Eighth Circuit Court of Appeals reversed and remanded Lucas's case, concluding that Lucas's motion to suppress should be granted.  More specifically, the court determined that the Nebraska Corrections Director's signing of an arrest warrant did not result in a valid warrant because the corrections director was not a "neutral and detached magistrate."  (Filing No. 208.)  However, the Eighth Circuit granted the government's petition for a rehearing en banc.  (Filing No. 214.)  The en banc court reversed the panel's decision and affirmed the district court's judgment on the suppression issue.  The en banc court also concluded: the district court did not err in denying the Defendant's motion to dismiss the conspiracy count for lack of particularity; the district court did not abuse its discretion in admitting recordings of jail telephone calls; sufficient evidence supported Lucas's conviction of Count VI; the admission of Rule 404(b) evidence of past drug dealing and gun possession was proper; the district court did not abuse its discretion in refusing Lucas the opportunity to present all the evidence he wished to present; and the Speedy

Trial Act was not violated. (Filing No. 219.) On March 24, 2008, the United States Supreme Court denied Lucas's petition for a writ of certiorari. (Filing No. 223.) Lucas timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, as supplemented,[1] Lucas argues that his trial counsel was ineffective in failing to propose a limiting instruction with respect to the Rule 404(b) evidence and failing to prevent the Rule 404(b) evidence from being admitted; that Lucas was entitled to be sentenced under the amended sentencing guidelines relating to crack cocaine offenses; that insufficient evidence supported his conviction of Count II charging him with possessing a firearm in furtherance of a drug trafficking crime, i.e., the crime charged in Count I or Count V, and that counsel was ineffective for failing to raise this claim on appeal; that trial counsel was ineffective for failing to notify Lucas regarding the requirements of 21 U.S.C. § 851; that he did not knowingly and intelligently plead guilty to a prior state court offense; and that a predicate offense should not have been used in the Information to establish a prior conviction to enhance his federal sentence. The claims are discussed below.

### I.   *Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Lucas must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and

---

[1]The Defendant's motion to amend (Filing No. 232) is granted, and the content of Filing No. 232 is considered as additional material to the original motion at Filing No. 227.

made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. Lucas's claims of ineffective assistance of counsel are discussed below.

### A.     *Rule 404(b) Evidence*

The underlying issue of the admission of the Rule 404(b) evidence was decided by the Eighth Circuit. The issue cannot be relitigated in the § 2255 motion through the guise of an ineffective assistance of counsel claim. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005); *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003). For the sake of argument, even if the Court found that counsel was ineffective as Lucas suggests with respect to the 404(b) evidence, Lucas cannot prove the prejudice prong of *Strickland,* particularly in light of the Eighth Circuit's affirmance of the admission of the evidence. The claim is denied.

### B.     *21 U.S.C. § 851*

The government filed a notice of Information to establish a prior conviction. (Filing No. 48.) The effect was an enhancement of the statutory terms of imprisonment with respect to Lucas's drug crimes charged in Counts I and V.

Lucas does not claim that he did not receive notice of the § 851 enhancement. Even assuming for the sake of argument that counsel did not inform Lucas of the procedures by which he could have objected in writing to the § 851 enhancement, Lucas has not shown that the prior conviction is invalid or that he lacked notice of the Information. Therefore, Lucas cannot show prejudice as a result of the alleged ineffective assistance

4

of counsel. *Monie v. United States,* 1994 WL 144357, at *2 (8th Cir. Apr. 21, 1994). The claim is denied.

### C. Failure to Raise Claim on Appeal

Lucas argues that counsel was ineffective for failing to raise the issue of the alleged insufficiency of the evidence with respect to Count II on appeal. Specifically, Lucas argues that counsel failed to raise the *Bailey* issue on appeal.[2] The Eighth Circuit has stated the following with respect to this issue:

> When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a [sic] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

*Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006).

Appellate counsel very competently raised several claims on direct appeal, one of which resulted in a favorable opinion by the Eighth Circuit panel. An insufficiency of the evidence claim is generally not a strong claim. The claim is denied.

### II. New Crack Cocaine Amendments to the Guidelines

Lucas was sentenced to 240 months, the mandatory minimum sentence on Count V, concurrent to the term imposed on Count I. Therefore, resentencing under the new amendments to the crack cocaine guidelines would not affect his sentence. This claim is denied.

---

[2]In *Bailey v. United States,* 516 U.S. 137, 143 (1995), the Supreme Court held that conviction under the "use" prong of 18 U.S.C. § 924(c) requires evidence of a defendant's active employment of the firearm in question.

5

### *III.  Collateral Attack - Prior Offense*

Lucas argues that he did not knowingly and intelligently plead guilty to a prior state court drug offense. This claim appears to relate to Ex. D (Filing No. 227, at 23.) A defendant may not collaterally attack a prior state court conviction in a § 2255 motion when the defendant was represented by counsel during the prior offense. *Swanson v. United States,* 1995 WL 231332, at *1 (8th Cir. 1995) (discussing *Custis v. United States,* 511 U.S. 485, 495-97 (1994)). The state court record shows that Lucas was represented in the state court case by a public defender. (Filing No. 227, at 23.) This claim is denied.

### *IV.  Predicate Offense; Enhancement*

Lucas argues that the prior conviction used to enhance his federal sentence was unconstitutional and therefore should not have been used to enhance his sentence under § 851. Other than stating that he did not knowingly or voluntarily plead guilty to the prior offense, Lucas makes no additional claims that the prior conviction was unconstitutional. The claim alleging that Lucas unknowingly and involuntarily pleaded guilty in the state case was denied above. He was represented during the prior state case. The claim is denied.

### CONCLUSION

Because it plainly appears from the record that Lucas cannot satisfy the *Strickland* test as discussed above with respect to any of his claims, his § 2255 motion is summarily denied.

IT IS ORDERED:

1.     The Court has completed the initial review of the Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 227, 232);

2. The Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing Nos. 227, 232) are summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 228) is denied as moot; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 30th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge