IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR44 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| TYLAN LUCAS, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's notice of appeal considered also as a certificate of appealability (Filing No. 256), the Clerk's memorandum regarding in forma pauperis status on appeal (Filing No. 257), and the Clerk's memorandum regarding the timeliness of the appeal (Filing No. 258).

*Timeliness - Notice of Appeal*

The Defendant appeals from the order denying his motion filed under Federal Rule of Civil Procedure 60(b)(1).[1]  That order followed this Court's denial of his motion filed under 28 U.S.C. § 2255, the denial of a certificate of appealability by this Court as well as the Eighth Circuit Court of Appeals, and the Eighth Circuit's denial of the Defendant's petition for rehearing en banc and petition for rehearing.

The order denying relief under Rule 60(b)(1) was filed on March 3, 2010.  The notice of appeal, due on May 4, 2010,[2] was mailed through the prison mailing system on May 19, 2010.  The deadline may be extended upon a finding of excusable neglect or good cause.

---

[1] Aside from the reasons stated for this Court's dismissal of the motion seeking Rule 60(b)(1) relief, the motion was a successive habeas petition and therefore subject to dismissal for failure to seek a certificate of appealability before filing the motion. *United States v. Williams,* 170 Fed. Appx. 989, at **1 (8th Cir. 2006).

[2] The Defendant had sixty days to file a notice of appeal, Fed. App. R. P. 4(a)(1)(A) & 4(a)(4)(A)(vi), plus three days for mailing under Fed. R. of App. P. 26(c).

The Court finds no basis for excusable neglect and no good cause, noting that the Defendant offered no reason that would support such a finding.  Therefore, the notice of appeal is untimely.

### *Merits - Certificate of Appealability*

Before the Defendant may appeal the denial of his motion, a "Certificate of Appealability" must issue.   The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), provides that the certificate of appealability requirements are found in 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c)(2) states that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

2

The issues raised in the § 2255 motion and the motion requesting relief under Rule 60(b)(1) were carefully considered. For the reasons set out in the Court's previously issued Memorandum and Order (Filing No. 255), and for the reason stated above in footnote 1, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

***In Forma Pauperis***

As stated above, the notice of appeal, considered also as a motion for a certificate of appealability, is untimely and is not taken in good faith and frivolous, Fed. R. App. P. 24(a)(3)(A), the Defendant is not entitled to proceed in forma pauperis on appeal.

IT IS ORDERED:

1. The notice of appeal (Filing No. 256), construed also as a motion for a certificate of appealability, is untimely;
2. The Defendant's motion for a certificate of appealability (Filing No. 256) is denied;
3. The Defendant is not entitled to proceed in forma pauperis on appeal; and
4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 27th day of May, 2010.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge